IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FREDY MARTINEZ RODRIGUEZ,                §
                                                                           §
                    *Petitioner*,                                     §
                                                                           §
v.                                                                         §
                                                                           §
Bret BRADFORD, Field Office Director of            §
Enforcement and Removal Operations, Houston   §     CIVIL ACTION NO. 9:25-CV-00349
Field Office, Immigration and Customs              §     JUDGE MICHAEL J. TRUNCALE
Enforcement; Kristi NOEM, Secretary, U.S.        §
Department of Homeland Security; U.S.             §
DEPARTMENT OF HOMELAND                          §
SECURITY; Pamela BONDI, U.S. Attorney         §
General; EXECUTIVE OFFICE FOR                    §
IMMIGRATION REVIEW; Warden IAH              §
Secure Adult Detention Facility,                        §
                                                                           §
                    *Respondents*.                                §
                                                                           §
                                                                           §
                                                                           §
                                                                           §
                                                                           §

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Fredy Martinez Rodriguez's Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Fredy Martinez Rodriguez ("Rodriguez") is a Mexican national who has resided in the United States since 2010. [Dkt. 1 at ¶ 21]. On August 14, 2025, United States Immigration and Customs Enforcement ("ICE") detained Rodriguez. *Id.*

On December 19, 2025, Rodriguez brought a habeas corpus petition, claiming that his

1

detention violates the Immigration and Naturalization Act ("INA").[1] [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Rodriguez challenges the legality of his detention on, essentially, two separate grounds. [Dkt. 1 at ¶¶ 28–33]. First, he claims that the INA does not allow the Government to detain him during removal proceedings. Second, Rodriguez asserts membership in a class action that accords him relief.

Rodriguez first challenges the Government's authority to detain him while removal proceedings are pending. His challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Rodriguez argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Rodriguez is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a).

---

[1] 8 U.S.C. § 1101 et seq.

*See* [Dkt. 1 at ¶ 21].[2]

## IV. CONCLUSION

Because Rodriguez has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Rodriguez's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 23rd day of December, 2025.**

Michael J. Truncale
United States District Judge

---

[2] His *Bautista v. Santacruz* arguments are of no consequence. Petitioner cites no law dictating this Court's obligations to follow decisions rendered by other district courts. Furthermore, the *Bautista* court has yet to decide "how [those] parties will proceed with" that case. 2025 WL 3288403 at *10. While Petitioner argues this constitutes a final judgment, *Bautista* appears by its own terms to be ongoing litigation. *Compare id. with* [Dkt. 1 at ¶ 32].